UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERISURE MUTUAL INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-509-SPM |
| ) | |
| FEDERAL INSURANCE CO. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Leave to Amend Its Counterclaim filed by Defendant and Counterclaim Plaintiff Federal Mutual Insurance Company (Doc. 67). The motion has been fully briefed. For the reasons stated below, Federal's motion will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute between two insurers, Amerisure Mutual Insurance Company ("Amerisure") and Federal Mutual Insurance Company ("Federal"), over their coverage obligations with respect to a lawsuit brought against their insureds (KBS, CBRE, and St. Louis Parking) in state court. On February 16, 2015, Amerisure filed a declaratory judgment action in Missouri state court, seeking a declaration that Federal owes coverage obligations to St. Louis Parking with respect to the underlying lawsuit. Federal removed this case to this Court on March 23, 2015. (Doc. 1). On May 1, 2015, Federal filed an answer and a counterclaim for declaratory judgment. (Doc. 13). On May 12, 2015, the Court entered a Case Management Order stating, *inter alia*, that all motions for amendment of pleadings must be filed by August 22, 2015; that discovery must be completed by October 5, 2015; that any dispositive motions must be filed by November 17, 2015; and that a jury trial would take place on May 23, 2016. (Doc. 17). On

1

June 11, 2015, Federal filed its amended answer and counterclaim, in which it sought a declaration that Amerisure owes a duty to defend KBS and CBRE under Amerisure's insurance policy. Federal did not allege a counterclaim of vexatious refusal to defend.

On November 17, 2015, Federal moved for summary judgment on its counterclaims. (Doc. 40). In addition, in both the motion and the memorandum in support of the motion, Federal requested a summary judgment finding that Amerisure is liable for the limits of its policy and for attorney's fees and expenses based on Amerisure's "vexatious refusal to defend" KBS and CBRE. (Docs. 40 & 41). In its opposition, Amerisure moved to strike the portion of the motion and brief addressing vexatious refusal to defend, pointing out that Federal had not pleaded any such cause of action. (Doc. 50). In its Reply, Federal stated that it would not pursue its claim for vexatious refusal to defend at this time but that it reserved the right to do so if the Court found that Amerisure had breached its duty to defend KBS or CBRE. On April 29, 2016, the Court ruled on Federal's motion for summary judgment and Amerisure's cross-motion for summary judgment and found, *inter alia*, that Amerisure had an obligation to defend KBS and CBRE in the underlying lawsuit, with the defense obligations to KBS applying on a primary basis and the defense obligations to CBRE to be shared with Federal on a pro rata basis. (Doc. 29). The Court also granted Amerisure's motion to strike the section of Federal's motion for summary judgment purporting to seek summary judgment on vexatious refusal to defend.

Although the Court's summary judgment ruling fully resolved the question of Amerisure's duty to defend KBS and CBRE, it left open certain issues with regard to the scope of Amerisure's duty to indemnify KBS and CBRE. The parties requested additional time to conduct discovery on that issue, and the Court found that discovery for that limited purpose was warranted. On May 12, 2016, the Court entered an Amended Case Management Order permitting discovery "limited to facts probative of the extent to which the underlying claims arise out of St.

Louis Parking's management of the parking garage" and set a discovery completion deadline of October 30, 2016. Dispositive motions are due November 7, 2016, and trial was set for January 17, 2017. (Doc. 65).

On May 18, 2016, Federal filed the instant motion, asking this Court for leave to amend its counterclaim to add a claim of vexatious refusal to defend KBS and CBRE.

## II. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, a party who wishes to amend a pleading more than 21 days after the original pleading was served may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The court "should freely give leave [to amend pleadings] when justice so requires." *Id.* However, where a party seeks leave to amend its pleading after the deadline established in the court's scheduling order, the Court applies the "good cause" standard of Rule 16(b)(4) rather than the Rule 15(a) standard. *See Sherman v. Winco Fireworks Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *Peterka v. City of Maplewood*, No. 4:14CV00823 ERW, 2015 WL 2145342, at *2 (E.D. Mo. May 7, 2015); *Nine v. Williams*, No. 4:11-CV-353 (CEJ), 2012 WL 3815627, at *2 (E.D. Mo. Sept. 4, 2012). Under Rule 16(b)(4), "[a] schedule [set forth in a court order] may be modified only with good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16(b)(4), "the primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Good cause requires a change in the law, newly discovered facts, or other changed circumstances after the deadline for amending pleadings. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order'Ws deadlines." *Sherman*, 532 F.3d

at 717 (citing *Rahn*, 464 F.3d at 822; *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003)).

### III. DISCUSSION

Federal argues that it has good cause for amending its pleadings at this stage, because there was a "change in circumstance": the Court's April 29, 2016 summary judgment ruling that Amerisure did have a duty to defend KBS and CBRE. Federal argues that its claim that Amerisure vexatiously refused to defend KBS and CBRE hinged on whether Amerisure had a duty to defend KBS and CBRE, and that "[i]t was not until this Court ruled on April 29, 2016 that Amerisure, in fact, had a duty to defend KBS and CBRE that Federal could have claimed vexatious refusal to defend KBS and CBRE." Federal's Reply, Doc. 70, at p. 2. Federal argues that without such a ruling, a vexatious refusal to defend claim would have been premature.

Federal's argument is without merit. Ever since Federal filed its first counterclaim on April 1, 2015, Federal has included in its pleadings allegations that Amerisure has a duty to defend KBS and CBRE. (Doc. 13, ¶¶ 35, 46; Doc. 18, ¶¶ 42, 53). Federal offers no explanation for why it had to wait for a Court ruling on the correctness of those allegations before including them as part of a vexatious refusal to defend claim. If Federal had a sufficient factual and legal basis to make those allegations in its counterclaim in April of 2015, then it had a sufficient factual and legal basis to include them in a vexatious refusal to defend claim well before the August 22, 2015 deadline for amending pleadings. Moreover, Federal offers no legal support for its suggestion that a party acts with diligence when it waits for a court's summary judgment ruling on a duty to defend claim before adding to its pleadings a vexatious refusal to defend claim. If Federal's suggestion were accepted, then any claim whose viability was dependent on the merits of another claim could be withheld until after an entire round of pleading, discovery, alternative dispute resolution, dispositive motions, and court rulings had already been completed,

and then included in an amended pleading. Such a situation would be pointlessly inefficient and expensive, and is unwarranted where the second claim could easily have been asserted at or near the beginning of the case.

The Court further notes that Federal was actually aware that it had a vexatious refusal to defend claim long before it received the Court's summary judgment ruling on the duty to defend. On November 17, 2015—five months before the Court ruled on summary judgment and six months before Federal filed the instant motion for leave to amend—Federal requested a summary judgment finding that Amerisure was liable for the limits of its policy and for attorney's fees and expenses based on Amerisure's "vexatious refusal to defend" KBS and CBRE. Federal offers no explanation for why it was capable of moving for summary judgment on a vexatious refusal to defend claim before receiving the Court's ruling on the question of the duty to defend, but was not capable of including such a claim in its pleadings before receiving the Court's ruling.

Other than the fact that it had not yet received the Court's ruling on the duty to defend, Federal asserts no basis for finding good cause. Federal does not argue that there has been a change in the relevant law since the deadline for amending pleadings, nor does Federal argue that there are newly discovered facts that give rise to the new claim. Indeed, Federal acknowledges that the new claim "is based on the same facts as the counts previously pled by Federal related to the defense and indemnity of KBS and CBRE." Federal's Reply, Doc. 70, at p. 3. It is clear to the Court that Federal was aware of all of the facts and law required to bring its vexatious refusal to defend claim long before it attempted to amend its pleadings.

Federal argues that this case is similar to *Cowden v. BNSF Railway Co.*, No. 4:08CV1534 ERW, 2013 WL 1282248 (E.D. Mo. Mar. 26, 2013), in which the district court granted summary judgment in the defendant's favor, the Eighth Circuit reversed and remanded, the district court

issued a new scheduling order with a new discovery deadline, and the district court permitted the plaintiff to amend his complaint to add a new claim. *Cowden* is distinguishable. In *Cowden*, the plaintiff argued that because the new scheduling order permitted additional discovery related to whether certain regulations were violated, he was also permitted to amend his complaint in pursuing those theories of liability. *Id.* at *5. The court agreed, stating, "because this Court finds that the proposed amendments are within the scope of the Eighth Circuit's mandate, it would not be inconsistent to allow amendment of the pleadings, especially in light of the additional discovery contemplated by the appellate court." *Id.* The court also found that the plaintiff's delays in moving to amend were not undue in light of the court's grant of summary judgment, the plaintiff's motion to amend judgment under Rule 59(e), and the appellate proceedings in the case. *Id.* Here, in contrast to *Cowden*, there is no appellate mandate or scheduling order that contemplates discovery related to Federal's new theory of liability. The only remaining discovery concerns a single issue that Federal does not contend relates to a vexatious refusal to defend claim. In addition, Federal has not been participating in appellate or other proceedings here that might have excused its delay.

For the above reasons, the Court concludes that Federal did not diligently pursue its proposed amended counterclaim. The record shows that Federal knew of all of the facts and law necessary to make the claim before the deadline for amending pleadings, yet did not attempt to include the claim in its pleadings until more than eight months after the deadline for moving to amend pleadings and more than seven months after the close of discovery. Federal has provided no valid reason for the delay. Because Federal cannot show that it has diligently pursued this claim, it cannot satisfy the good cause standard of Rule 16(b)(4). In light of Federal's lack of diligence, the Court need not address the question of whether Amerisure would be prejudiced by permitting the amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Federal's Motion for Leave to Amend Its Counterclaim (Doc. 67) is **DENIED**.

                                                                  /s/ Shirley Padmore Mensah
                                                                  SHIRLEY PADMORE MENSAH
                                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of June, 2016.